IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SALLY C. SHAMBERGER                                              PLAINTIFF

vs.                             Civil No. 4:08-cv-04093

MICHAEL J. ASTRUE                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sally C. Shamberger ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for DIB and SSI on April 25, 2006. (Tr. 59-61). Plaintiff alleged she was disabled due to depression and back pain. (Tr. 20, 64). Plaintiff alleged an onset date of October 22, 2005. (Tr. 59). These applications were initially denied on July 6, 2006 and were denied again on reconsideration on August 29, 2006. (Tr. 43-47). On September 20, 2006,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff requested an administrative hearing on her applications. (Tr. 49). This hearing was held on May 24, 2007 in Texarkana, Arkansas. (Tr. 744-768). Plaintiff was present and represented by Stanley Brummal at this hearing. *See id.* Plaintiff, and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See Id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education. (Tr. 748-749).

On December 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 20-29). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 22, 2005. (Tr. 29, Finding 2). The ALJ determined Plaintiff had the following severe impairments: polysubstance dependence in remission, adjustment disorder with mixed emotions, depression (NOS), post-traumatic stress disorder (PTSD), lumbago/neck strain, restless leg syndrome, and heel spurs. (Tr. 29, Finding 3). The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 29, Finding 3).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 27-28, Findings 4, 5). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 21). The ALJ found Plaintiff's claimed limitations were not totally credible. (Tr. 27).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 23-26, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC

2

to perform a less than full range of light work. (Tr. 28, Finding 5).

The ALJ then determined Plaintiff could perform her Past Relevant Work ("PRW") as a housekeeper. (Tr. 28, Finding 7). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since the date Plaintiff's application was filed, until the date of his decision. (Tr. 28, Finding 8)

On February 22, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 14-16). *See* 20 C.F.R. § 404.984(b)(2). On June 12, 2008, the Appeals Council granted Plaintiff's request to review this determination. (Tr. 10). The Appeals Council issued an unfavorable decision on September 15, 2008 and modified two of the ALJ's findings. (Tr. 4-9).

On October 14, 2008, Plaintiff appealed this decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7, 8). The parties consented to the jurisdiction of this Court on October 22, 2008. (Doc. No. 4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ failed to properly consider the evidence of Plaintiff's mental impairments. (Doc. No. 7, Pages 5-9). In response, Defendant argues substantial evidence supports the ALJ's decision. (Doc. No. 8, Pages 5-9).

Plaintiff had applied for DIB and SSI in 2003 and 2005. (Tr. 20, 37-39, 59). The Agency denied Plaintiff's prior applications at the initial level. (Tr. 37, 40-41, 724). The ALJ expressly found that there was no basis for reopening the prior denial determinations and the doctrine of *res judicata* applied. (Tr. 20).

Plaintiff does not challenge any of the findings regarding Plaintiff's physical impairments or abilities, but contends that the ALJ failed to consider Plaintiff's mental impairments. (Doc. No. 7, Pg. 5). However, substantial evidence supports the ALJ's determination that Plaintiff retains the RFC to perform a range of light work.

On October 4, 2005, Plaintiff was seen by psychologist Dr. Tom Wright for a mental status examination. (Tr. 156-159). Dr. Wright found Axis I diagnosis of depression not otherwise specified. (Tr. 158). Although Plaintiff denied use of illicit drugs, subsequent records and Plaintiff's testimony established Plaintiff's use of marijuana and cocaine through at least February 2006. (Tr. 301, 755).

Plaintiff was seen at the Shreveport VA Clinic on February 9, 2006. (Tr. 388). Plaintiff indicated she had been using cocaine since 1999, and was now using it almost every day. (Tr. 388). Plaintiff also indicated she drank approximately a twelve pack of beer each day. (Tr. 391). On

5

February 10, 2006 Plaintiff was seen by Dr. Dean Robinson at the Shreveport VA Clinic. (Tr. 247-249). The record indicates a diagnosis of drug dependence, cocaine dependence, and unspecified alcohol dependence. (Tr. 247-249). A VA Clinic record from March 1, 2006, showed Plaintiff tested positive for cocaine and marijuana throughout February of 2006. (Tr. 301).

On June 27, 2006 Plaintiff was examined by Dr. Jerry Henderson who completed a Psychiatric Review Technique and Mental RFC Assessment. (Tr. 332-349). Dr. Henderson found Plaintiff had severe impairments related to depression and polysubstance dependence in early remission. (Tr. 335, 340). Dr. Henderson also determined Plaintiff was able to perform work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote, few variables, little judgment, and supervision required is simple, direct and concrete. (Tr. 348). On October 25, 2006 Dr. Dan Donahue completed a report indicating he had reviewed Plaintiff's medical evidence and affirmed the previous assessment of Dr. Henderson. (Tr. 590).

It is clear the ALJ reviewed and considered the evidence of Plaintiff's alleged mental impairments. The ALJ discussed his review of Plaintiff's medical records from the Shreveport VA Clinic as they related to Plaintiff's complaints of depression. (Tr. 25-26). The ALJ stated in his decision he reviewed and considered the medical records in this case, including those of State Agency medical and psychological consultants. (Tr. 27). Further, the ALJ included the findings of Dr. Henderson in his RFC assessment when he limited Plaintiff to work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote, few variables, little judgment, and supervision required is simple, direct and concrete. (Tr. 27).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of January, 2010.**

                                        /s/ Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE